[Sac. No. 7907. In Bank. Sept. 14, 1972.]

VIRGINIA VILLA et al., Petitioners, v.
JAMES M. HALL, as Secretary, etc., et al., Respondents.

## COUNSEL

Ralph Santiago Abascal, Jay-Allen Eisen, Valerie Vanaman, Daniel S. Brunner and Steven J. Cole for Petitioners.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and Jerold A. Prod, Deputy Attorneys General, for Respondents.

## OPINION

**MOSK, J.**—On December 6, 1971, we granted petitioners extraordinary relief in the form of mandamus to compel respondents to administer the state Aid to Families with Dependent Children Program (AFDC)[1] so that nonexempt income earned by an AFDC recipient would be deducted from the standard of need table of Welfare and Institutions Code section 11452 and not from the lower statutory maximum table of section 11450. Section 28 of the Welfare Reform Act of 1971 had provided that outside income was to be subtracted from the section 11450 table. (*Villa v. Hall* (1971) 6 Cal.3d 227 [98 Cal.Rptr. 460, 490 P.2d 1148].)

Subsequent to our unanimous opinion in this matter, the United States Supreme Court, in *Jefferson v. Hackney* (1972) 406 U.S. 535 [32 L.Ed.2d 285, 92 S.Ct. 1724], considered issues comparable to those raised in the original petition herein. Because of the similarity between the instant case and *Jefferson,* the Supreme Court granted a writ of certiorari herein and thereafter vacated our opinion and remanded the matter to us for further consideration in light of its later decision in *Jefferson.* (*Hall v. Villa* (1972) 406 U.S. 965 [32 L.Ed.2d 664, 92 S.Ct. 2407].) We have followed that direction.

In our opinion we concluded that petitioners were entitled to relief based on section 402, subdivisions (a)(7), (a)(8), and (a)(23) of the Social Security Act, on the decision of the Supreme Court in *Rosado v. Wyman* (1970) 397 U.S. 397 [25 L.Ed.2d 442, 90 S.Ct. 1207], and on the legis-

[1] Welfare and Institutions Code sections 11200-11507.

lative intent that employment incentive is deemed a paramount objective. (6 Cal.3d at p. 235, fn. 13.) In *Jefferson,* the Supreme Court expressly rejected the latter two grounds and by implication the claim based on subdivision (a)(7) of section 402.

 We specifically refrained in our opinion from deciding whether petitioners were entitled to relief on the basis of another provision of the Social Security Act: subdivision (a)(10) of section 402. (6 Cal.3d at p. 236, fn. 14.) On remand, petitioners allege the subdivision supports their contention that under the California act outside income must be subtracted directly from the standard of need. They submit that California determines eligibility differently than the Texas scheme at issue in *Jefferson,* and therefore the instant case is distinguishable from *Jefferson.*

Subdivision (a)(10) provides, in pertinent part, that AFDC payments must "be furnished with reasonable promptness to all eligible individuals." In *Jefferson,* the Supreme Court in effect held that eligibility may be based either on the full standard of need or on the standard of need reduced by a ratable percentage or a statutory maximum. (92 S.Ct. at p. 1731 [406 U.S. at pp. 545-546 (32 L.Ed.2d at p. 295)].) The Texas system under scrutiny in *Jefferson* determined eligibility on a ratably reduced (75 percent) standard of need, and was thus upheld.

Both parties readily concede that California's Welfare Reform Act contains a dual system of eligibility: for *noncash* benefits such as Medi-Cal (Welf. & Inst. Code, § 14005.1) an individual is eligible if his outside income is less than the standard of need; however, for *cash* benefits eligibility attaches only if outside income is less than the standard of need reduced by the statutory maximum table of section 11450. Petitioners assert that under *Jefferson* a state may determine eligibility either by the full standard of need or by the reduced standard but cannot determine eligibility for noncash benefits on the basis of the full standard and cash benefits on the basis of the reduced standard.

We find this argument unpersuasive. Nothing in the Social Security Act, as interpreted by the court in *Jefferson,* forbids a state from determining eligibility for one class of benefits in one manner and devising different criteria for other benefits. As long as the eligibility requirements themselves do not run afoul of the federal act, there appears no compulsion for the criteria necessary for participation in each program to be identical.

 Moreover, the Supreme Court in *Jefferson* concluded that subdivision (a)(10) was designed primarily to prevent states from placing on waiting lists those individuals the state had already determined were eligi-

ble for aid. Since the court held that eligibility may turn on either the full standard of need or the reduced standard, subdivision (a)(10) appears to provide no substantive rights additional to those enumerated in subdivisions (a)(7), (a)(8), and (a)(23), which, we must recognize, the Supreme Court held do not assist persons in the posture of petitioners in the instant case.

The alternative writ is discharged and the peremptory writ is denied. The order staying operation of section 28 of the Welfare Reform Act is vacated.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.